*In the matter of the Petition of* W. J. PRICE *et al. for a writ of Habeas Corpus.*

CONTEMPT—*Proceeding Illegally Heard.* "The judge of the district court at chambers cannot legally hear and determine a prosecution in the nature of a contempt proceeding for an alleged violation of a peremptory writ of mandamus." (See *The State, ex rel., v. Stevens,* ante, p. 113.)

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus,* filed in this court by *W. J. Price* and *H. A. W. Corfield,* county commissioners of Kearney county, and *J. H. Waterman,* county clerk of said county. The facts sufficiently appear in the opinion herein, filed at the session of the court in November, 1888.

*Webb, Campbell & Spencer,* and *Edwin A. Austin,* for petitioners.

*T. T. Taylor,* contra.

Opinion by CLOGSTON, C.: Petition for a writ of *habeas corpus,* filed in this court September 10, 1888. The petitioners allege that they are illegally restrained of their liberty by one R. F. Thorne, sheriff of Kearney county, Kansas; that the cause of such restraint is by virtue of two orders of commitment issued by A. J. ABBOTT, judge of the district court of the 27th judicial district. The petition further shows, that on the 25th day of August, 1888, A. J. ABBOTT, judge of the district court of the 27th judicial district, granted and issued a peremptory writ of *mandamus,* directed to the petitioners, commanding them that on the 31st day of August, 1888, they meet as county commissioners and county clerk at Lakin, the temporary county seat of the county of Kearney, at the hour of 10 o'clock on said day, and then and there proceed to canvass the election returns of the several precincts of said county and declare the result of said election; said election being for the purpose of locating the permanent county seat of said county. Upon the failure of said petitioners to make such canvass as in said writ directed, attachment proceedings were commenced to punish said petitioners for their refusal to obey the said order of peremptory *mandamus;* that on the 7th day of September said attachment proceedings were heard before His Honor A. J. ABBOTT, judge of the district court of said 27th judicial district, at chambers, and upon said hearing said petitioners were adjudged to be in contempt for disobeying the peremptory writ of *mandamus,* and also to pay a fine of $100 and stand committed until paid; and that they remain in the custody of said sheriff until such time as they should signify their willingness to perform the commands of the writ, and make the canvass and declare the result. The petition further alleges that petitioners are restrained of their liberty by reason of said order of commitment, and that said restraint

is illegal in this, to wit: That the peremptory writ of *mandamus* issued to said petitioners was granted by said judge of the 27th judicial district at chambers, and without notice to said petitioners; second, that the hearing of the attachment proceedings was had before His Honor A. J. ABBOTT, judge of the district court of the 27th judicial district, at chambers, at Garden City, in the county of Hamilton, and that the order to commit for contempt, under and by which the petitioners are restrained of their liberty, was so issued by said judge at chambers; third, that at the hearing of said attachment proceedings against said petitioners a good and valid reason and excuse was shown by them why they did not comply with the peremptory order of *mandamus.*

There were several questions raised at the hearing, such as their excuse for not obeying the writ, and irregularities in the proceedings, such questions as we deem cannot be heard in *habeas corpus* proceedings, as the only questions we can consider in proceedings of this character are, had the court or judge thereof jurisdiction of the defendants, or authority at chambers to issue a peremptory writ of *mandamus*, and to punish for disobedience at chambers? — for if the court had such jurisdiction, then all irregularities thereunder could only be reviewed by proceedings in error, and not by *habeas corpus.* As a decision on the second of these questions will give the relief prayed for by the petitioners, it will not be necessary to determine the first. This court at the October sitting, in the case of *The State of Kansas, on relation of S. S. Ashbaugh, County Attorney of Kingman county, v. John J. Stevens, County Clerk of said county,* ante, p. 113, held that "the judge of the district court at chambers cannot legally hear and determine a prosecution in the nature of a contempt proceeding for an alleged violation of a peremptory writ of *mandamus.*" That decision settles this case so far as this question is concerned, that the district judge has no authority at chambers to hear attachment proceedings for failure to comply with the peremptory writ of *mandamus* issued by him. It then becomes immaterial to this proceeding whether or not the court

L. & W. Rly. Co. v. Butts.

had jurisdiction at chambers to issue a peremptory writ of *mandamus.*

It is therefore recommended that the petitioners be discharged.

By the Court: It is so ordered.

All the Justices concurring.